```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA                    S1 07 Cr. 699 (HB)

    - v -

DEMI ABRIHAM, a/k/a "300," and
PEDRO CABRERA, a/k/a "Pete,"

                Defendants.
_____X
```

**DEFENDANTS ABRIHAM AND CABRERA MEMORANDUM OF LAW IN SUPPORT OF MOTION THAT THERE WAS NO PROBABLE CAUSE TO ARREST THE DEFENDANTS WHEN THEIR VEHICLE WAS STOPPED.**

    Respectfully submitted,

_____
**David Segal,Esq.(DS-5108)**
**Attorney for Defendant**
**Demi Abriham**
**30 Vesey Street,**
**New York, NY  10007**
**Telephone: (212) 406-9200**


_____
**Robert Blossner, Esq. (RB- 0526)**
**Attorney for Defendants**
**Pedro Cabrera**
**30 Vesey Street**
**New York, NY  10007**
**Telephone:  (212) 571-0805**

1

**ARGUMENT**

**THE GOVERNMENT HAS FAILED TO SHOW THAT THERE WAS PROBABLE CAUSE TO ARREST THE DEFENDANTS WHEN THEIR VEHICLE WAS STOPPED.**

Although the government contends that it has supplied sufficient evidence to demonstrate that officers had probable cause to arrest Defendants Demi Abriham and Pedro Cabrera as they were taken from their vehicle in the vicinity of the Bronx storage facility on June 27, 2007, a review of the evidence before the Court compels the conclusion that the arrests were not supported by probable cause and were thus unconstitutional. Based upon the evidence adduced at the hearing on November 19, 2007, at the time of the arrest of Abriham and Cabrera the officers knew only that the undercover officer had been dealing with individuals known as Flaco and Tio in conspiring to commit a robbery, that Flaco said that he had a group of people who would assist in the robbery, and that Flaco and the undercover officer had driven to a storage facility, where another vehicle, a Range Rover, subsequent pulled up behind Flaco's car. The arrests of the Defendants were made immediately after the Defendants' car pulled up, before any questioning or investigation of the occupants.

Detective Peter Shanhai testified that the arrests took place in the middle of the day in bright light, and that the area around the storage facility was a busy area, with many cars passing back and forth. (Hearing at 46.) Abriham and Cabrera were in the back seat of the Range Rover, which was also occupied by two other men. (Hearing at 35-36, 39.) Detective Shanhai specifically stated that he had no prior contact with either Abriham or Cabrera, and

had no prior information regarding their names or their association with Flaco or Tio. (Hearing at 37.)

Essentially, the government argues that the fact that the Range Rover drove up behind Flaco at the storage facility was enough to give the officers probable cause to arrest the occupants of the vehicle, despite the fact that many cars were in the area and the officers had literally no information regarding the identity of Flaco's accomplices, or regarding the vehicle that they would be driving.

The Range Rover was being driven in a manner that was entirely consistent with innocent behavior, and without specific and particularized information regarding the occupants of the vehicle the officers had no basis for arresting its occupants. Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested. *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949); *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990). Numerous cases make the point that the driving of a vehicle in the vicinity of prospective or ongoing criminal activity cannot provide probable cause to make an arrest. For example, in *United States v. Anderson*, 981 F.2d 1560 (10th Cir. 1992), the court held that police officers had illegally arrested the defendant despite their suspicion that he was involved in drug trafficking at a residence that was under surveillance. The evidence showed that the defendant's pickup was parked outside while the defendant was in the residence suspected to contain a large amount of marijuana, the

defendant left the residence and parked his pickup at a shopping center near a U-Haul truck which was previously seen unloading something at the residence, and the defendant was later seen leaving the residence on foot and passed within 30 yards of the arrests of other defendants who had been stopped as they approached the residence and were found to have marijuana in their possession. The court concluded:

> Even assuming that these facts are enough to raise an agent's reasonable suspicion of illegal activity, we hold that they do not constitute probable cause justifying the arrest of [defendant] Phillip Cordova. Although Mr. Cordova showed some association with the Grogan residence, he did not otherwise take actions that would warrant believing he had committed or was committing a crime. He parked his truck at a shopping center and retrieved it several hours later. He drove slowly and cautiously, stopping to eat at a Wendy's, and he was then arrested. We hold that probable cause to arrest Mr. Cordova did not exist and that the evidence seized from him should have been suppressed.

*Id.* at 1566; *see also United States v. Valenzuela*, 365 F.3d 892 (10th Cir. 2004) (officers did not have probable cause to arrest driver of vehicle traveling in close proximity to second vehicle that had been stopped and found to contain marijuana; there was insufficient evidence that defendant was traveling in tandem with second vehicle, even though both vehicles had Arizona license plates and were traveling in New Mexico near Mexican border, and defendant was leaning her face on her hand in a manner that led the officer to believe that she was hiding her face); *People v. White*, 648 N.Y.S.2d 639 (App. Div. 1996) (fact that car was parked next to subway station where robbery occurred for long period before robbery did not give police probable cause to arrest car's passenger).

Moreover, even if it could be said that the officers had some basis to believe that the Land Rover was being driven in a manner that implicated it in the scheme that the informant

4

was involved in, that alone could not support probable cause to believe that each and every occupant of the vehicle was engaged in criminal activity. The Second Circuit pointed out in *United States v. Di Re*, 159 F.2d 818 (2d Cir. 1947), *aff'd*, 332 U.S. 581 (1948), that the mere presence of an individual in an automobile with another person who was conspiring to commit a crime afforded no reasonable ground for arresting him. At issue in *Di Re* was the illegal sale of gasoline rationing coupons. An informant had told the government that a particular individual would make a sale from his automobile at a given location and time. When the automobile appeared as scheduled, the officers approached the vehicle and arrested all of its occupants, including one Di Re, who was sitting in the passenger seat. The court found that there had been no probable cause to arrest Di Re:

> Even if DiRe had known that Buttitta and Reed were dealing in counterfeit ration coupons, there was not the slightest reason to suppose that he was himself either a seller or a buyer; or that he had any interest whatever in their enterprise. Indeed, even though Gross had known that DiRe was in possession of similar coupons, it would have been no reason to suppose that he was interested in the coupons being traded in. *Nobody would assert that all the spectators of a crime may be arrested as participants; and even though riding in a car with two such offenders be evidence of acquaintance, or possibly friendship, with them, it would be altogether unwarranted to carry the inference further than complaisance. So far as we can see, the arrest was utterly indefensible, a mere scooping up of all those present on the chance that any associate of the principals was probably engaged in any dealings between them*, or, if not, in other transactions of the same kind; and this in spite of the fact that Reed on whose information Gross acted, had not mentioned DiRe as Buttitta's confederate. If the prosecution of crime is to be conducted with so little regard for that protection which centuries of English law have given to the individual, we are indeed at the dawn of a new era; and much that we have deemed vital to our liberties, is a delusion.

159 F.2d at 820 (emphasis added); *see also United States v. Barber*, 557 F.2d 628 (8th Cir.1977) (where defendant drove Barber to liquor store where Barber made purchase with

5

counterfeit money, defendant who had remained in the car with others could not be lawfully arrested; "there was nothing in Barber's observable conduct which conveyed any overt indication of criminality").

These cases show that even if, by some stretch of the imagination, the government can show that the Land Rover was being driven in a manner that suggested that its driver was intending to assist Flaco, that alone cannot provide probable cause to believe that the other occupants of the vehicle were involved in any criminal activity. Because the government had no information whatsoever on Abriham and Cabrera prior to their arrest, it had no basis for knowing the their intentions, and for all the government knew they were simply riding with a friend when the friend agreed to meet Flaco for some activity that they knew nothing about.

The government appears to confuse the probable cause standard with the reasonable suspicion standard for investigating suspected criminal wrongdoing. At most, in this case the officers might have suspected that the occupants of the vehicle may have been connected with the robbery planned by Flaco, but such suspicion would not have permitted an immediate arrest. Under *Terry v. Ohio*, 392 U.S. 1 (1968), police may briefly detain an individual for questioning if they have a reasonable suspicion that criminal activity is afoot, and may frisk him if they reasonably believe he is armed and dangerous. *United States v. Colon*, 250 F.3d 130, 134 (2d Cir. 2001). A *Terry* stop represents an intermediate response allowing police to pursue a limited investigation when they lack the precise level of information necessary for probable cause to arrest. *Adams v. Williams*, 407 U.S. 143 (1972); *United States v. Elmore*, 482 F.3d 172 (2d Cir. 2007). What should have happened in this case was a brief detention of

6

the occupants of the Land Rover to allow brief questioning to determine what the occupants were doing. Had the suspicions of the officers ripened into probable cause after the detention, arrests may have been appropriate.

However, having chosen to immediately arrest the occupants of the Land Rover, the validity of the officers' actions must be judged by the probable cause standard, and as set out above, the government cannot show that the probable cause standard was met.

Finally, although the government wants to supplement the testimony given at the suppression hearing, this is clearly improper. As was stated in Wayne R. La Fave, *Search and Seizure: A Treatise on the Fourth Amendment* ' 11.2 (footnotes omitted):

> [T]he defendant has a right to cross-examine the prosecution's suppression hearing witnesses, and thus it is improper to permit the prosecutor to make his case at the hearing merely by submitting a transcript of grand jury testimony to show the lawfulness of the search. Exclusive reliance upon preliminary hearing transcripts is also improper; the court "cannot properly assess credibility from the cold record prepared at the preliminary examination," the record prepared at the preliminary may be found wanting because the issues in the two situations are not inevitably identical, and the earlier inquiry "may prove to be too skeletal to benefit a suppression hearing due to inadequate time for preparation of counsel or to counsel's fear of disclosing his or her case at the preliminary examination."

Indeed, it is well established that "a suppression hearing is a Acritical stage of the prosecution@ affecting substantial rights of an accused. *United States v. Green*, 670 F.2d 1148, 1154 (D.C. Cir.1981). For that reason, any limitations on the right of cross-examination "beyond the typical evidentiary rules limiting its scope to the subject matter of direct examination and to matters affecting witness credibility, Fed.R.Evid. 611(b)) must be justified by weighty considerations." *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994). For

these reasons it is wholly improper for the Court to consider assertions made by the government that were not presented as evidence in the suppression hearing.

Dated:  New York, New York
        December 3, 2007

                            Respectfully submitted,

                            _____

**David Segal,Esq.(DS-5108)**
**Attorney for Defendant**
**Demi Abriham**
**30 Vesey Street,**
**New York, NY  10007**
**Telephone: (212) 406-9200**

                            _____

**Robert Blossner, Esq. (RB- 0526)**
**Attorney for Defendants**
**Pedro Cabrera**
**30 Vesey Street**
**New York, NY  10007**
**Telephone:  (212) 571-0805**

Ind. No.: S1 07 Cr. 699        Year        RJI No.:        Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

DEMI ABRIHAM, a/k/a "300,"
PEDRO CABRERA, a/k/a "Pete,"

    Defendants

**DEFENDANTS ABRIHAM AND CABRERA MEMORANDUM OF LAW IN SUPPORT OF MOTION THAT THERE WAS NO PROBABLE CAUSE TO ARREST THE DEFENDANTS WHEN THEIR VEHICLE WAS STOPPED**

**DAVID SEGAL and ROBERT BLOSSNER**
Attorney for Defendants
Office & Post Office Address, Telephone
**30 VESEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200/(212)571-0805**

To:                                            Signature (Rule 130-1.1-a)

_____
Print name beneath                             Attorney(s) for

Service of a copy of the within                is hereby admitted.
Dated,

_____
                                               Attorney(s) for

Please take notice
⌐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
⌐ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                    on

                                                Yours, etc.
                                                DAVID SEGAL and ROBERT BLOSSNER
To:                                            Attorney for Defendants
                                                  Office & Post Office Address
Attorney(s) for:                               **30 VESEY STREET
                                                  NEW YORK, NY 10007**