

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 7, 2008

**By ECF & Facsimile**

Honorable Harold Baer
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

       Re: **United States v. Bryant De Los Santos, et al.**
            S1 07 Cr. 699 (HB)

Dear Judge Baer:

      The Government respectfully requests a ruling permitting it to authenticate the Title III tape recordings of the various conversations it will offer into evidence at trial through a summary witness, a procedure explicitly approved by several Circuit Courts and several Southern District of New York Courts.

      The Government will be offering evidence obtained from the electronic interception of conversations that were authorized by the United States District Court of the Southern District of New York ("the wiretaps"). The Government has identified specific conversations from the wiretap CDs and has isolated those conversations onto CDs (referred to herein as the "redacted CDs") and prepared transcripts of these conversations. At trial, the Government will not be offering the original CDs into evidence; however, in order to authenticate the redacted tapes and CDs, a witness must testify that the redacted CD contains an accurate copy of a portion of the original tape or CD. Many law enforcement officers monitored the interceptions over the wiretaps. Accordingly, permitting the Government to authenticate the original tapes and CDs with one summary witness would obviate the need to call each agent who was monitoring the wiretaps at the time the relevant conversations were intercepted.

      The Government proposes to authenticate the wiretap recordings that were authorized by the United States District

Hon. Harold Baer
January 7, 2008
Page 2

Court for the Southern District of New York through FBI Special Agent George Gjelaa, the co-case agent for the federal investigation that made use of the wiretaps. With regard to authentication of the CD recordings, the Government anticipates that Special Agent Gjelaa will provide testimony regarding the following: (i) the nature and quality of the equipment used to facilitate the wiretaps in this case; (ii) the procedures followed if and when there was a malfunction in the equipment; (iii) the minimization procedures employed when monitoring the intercepted calls; (iv) the procedures used by the monitors when intercepting calls; (v) the custody procedures used to maintain the integrity of the original CD recordings; (vi) his comparison of the redacted CDs with the original tapes and CDs, and that based on that comparison the redacted CDs accurately reproduce a portion of the conversation on the original CDs; and (vii) the accuracy of voice identifiers of the transcripts that identify Din Celaj as the speaker. Special Agent Gjelaa and other witnesses, will also testify regarding the identification of the voices, including that of the defendants, on the CDs.

      The above-summarized testimony should be sufficient to authenticate the original tapes. The First Circuit has held that there is no requirement that a witness authenticating tape recordings be someone who either participated in or personally overheard the subject matter of the recording in evidence. United States v. Cortellesso, 663 F.2d 361 (1st Cir. 1981) (crucial factors governing admissibility are that the taping equipment be shown to be in working order, and that custody procedures be established and followed to maintain the integrity of the tapes); cf. United States v. Fuentes, 563 F.2d 527, 532 (2d Cir.) (in context of Government's offer of a consensual recording, "[t]here simply is no requirement that the tapes be put in evidence . . . through a contemporaneous witness to the recorded conversations"), cert. denied, 434 U.S. 959 (1977); United States v. Haldeman, 559 F.2d 31 (D.C. Cir. 1976) (Government's proof concerning practice and equipment used to record meetings, together with proof of chain of custody and proof of voice identification, was sufficient to authenticate recordings), cert. denied, 431 U.S. 933 (1977). The crucial factors governing admissibility are (i) that the taping equipment be shown to be in working order; and (ii) that custody procedures be established and followed to maintain the integrity of the tapes once they are recorded. Once this foundation is laid, a presumption of regularity is raised, the burden shifts to the party challenging admissibility to show that the tape recordings are inaccurate, and the Courts have admitted tape recordings without further

Hon. Harold Baer
January 7, 2008
Page 3

foundation.  See Cortellesso, 663 F.2d at 364; United States v. Rengifo, 789 F.2d 975, 978-79 (1st Cir. 1986); see also United States v. Ruggiero, 928 F.2d 1289, 1304 (2d Cir. 1991) (testimony concerning FBI's chain of custody sufficient to authenticate original wiretap recordings in absence of some specific allegation of tampering); United States v. Alvarez, 860 F.2d 801, 808 (7th Cir. 1988) (where Government demonstrated that wiretap equipment was in good working order, that individual cassette tapes accurately reproduced conversations on original reel to reel tapes, and called witnesses to identify voices on tapes, duplicate cassette tapes were properly authenticated); United States v. Green, 175 F.3d 822, (10th Cir. 1999) (testimony of individual tape monitors not necessary to lay foundation for tape evidence).

In Cortellesso, the First Circuit approved of the district court's ruling permitting the introduction of recordings of intercepted telephone recordings on the basis of testimony of a single agent.  That agent testified as to the procedures followed in the wire room, the testing of the recording equipment, and the custody of the original tapes and logs.  "With this much of a showing it was not necessary that the agents who did the actual monitoring of the calls take the stand to confirm that they followed [the case agent's] instructions, and to deny tampering with the tapes. . . [T]he government made out a prima facie case, by clear and convincing evidence, that the tapes were what it said they were."  663 F.2d at 364.  In a second case, United States v. Rengifo, supra, the case agent similarly testified about his personal supervision of the wire room; the procedures followed in recording the tapes; and the custody procedures followed following the recording.  Although the agent did not have personal knowledge about each tape and whether the procedures were followed with respect to each tape, the court stated, "We find that [the case agent's] testimony was sufficient to raise a presumption of official regularity.  After [the case agent's] thorough explanation of how these recordings were obtained, the burden shifted to defendant to show why the recordings should be rejected as inauthentic."  789 F.2d at 979.

The Second Circuit has not had the opportunity to rule on this precise issue.  However, in United States v. Ortiz, S10 91 Cr. 634 (LJF), then Judge Freeh admitted recordings of wiretap conversations into evidence through summary witness testimony; in United States v. Salerno, 86 Cr. 245 (MJL), Judge Lowe permitted the introduction of numerous tape recorded conversations by the testimony of the supervising agent and the individual who prepared the individual tapes that were introduced; in United

Hon. Harold Baer
January 7, 2008
Page 4

States v. Leon-Lopez, 90 Cr. 72 (SWK), and in United States v. Millan, S9 91 Cr. 685 (SWK), Judge Kram permitted the Government to introduce wiretap tapes based on authentication testimony provided by the case agent (see 817 F. Supp. 1072, 1080-81 (S.D.N.Y. 1993)); in United States v. Miranda, 93 Cr. 108 (KTD), Judge Duffy permitted the Government to introduce wiretap tapes based upon the same procedure approved of by Judge Kram in Millan (see 1993 WL 410507); in United States v. Velasquez, S9 96 Cr. 126 (JFK), Judge Keenan permitted the Government to introduce wiretap evidence, including redacted tapes and transcripts, through the testimony of the case agent; in United States v. Walker, S2 98 Cr. 117 (JSM), Judge Martin permitted the Government to introduce wiretap tapes through the testimony of the case agent; and in United States v. Rudaj, S3 04 Cr. 1110 (DLC), Judge Cote permitted the Government to introduce wiretap tapes through the testimony of the case agent. In a recent published decision, United States v. Bosch, 399 F.Supp.2d 521 (S.D.N.Y. 2005), Judge Marrero approved of this procedure.

    Accordingly, the Government respectfully requests that the Court rule that, once the Government has laid a foundation consistent with the above-noted precedents, a prima facie case of authenticity and admissibility will have been made out with respect to the tape recordings.

                      Respectfully submitted,

                      MICHAEL J. GARCIA
                      United States Attorney

By: _____
    Todd Blanche/Katherine Lemire
    Assistant United States Attorney
    Tel. No.: (212) 637-2494/2532

cc:    David Segal, Esq.
       Attorney for Defendant Demi Abriham
       (212)-571-0938 (facsimile)

       Louis R. Aidala, Esq.
       Attorney for Defendant Bryant De Los Santos
       (212) 750-8297 (facsimile)

       Robert Blossner, Esq.
       Attorney for Defendant Pedro Cabrera
       (212)571-0938